14-1798-cv
Jesyca Greene v. Enlarged City School District of Middletown, NY

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:   RALPH K. WINTER,
                      JOHN M. WALKER, JR.,
                      CHRISTOPHER F. DRONEY,
                                  *Circuit Judges*.

-----------------------------------------------------------------------

JESYCA GREENE,

                *Plaintiff-Appellant*,

      v.                                     No. 14-1798-cv

ENLARGED CITY SCHOOL DISTRICT OF MIDDLETOWN, NEW YORK,

                *Defendant-Appellee*.

-----------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, NY.

FOR DEFENDANT-APPELLEE:          MATTHEW J. MEHNERT (Sharon N. Berlin, *on the brief*), Lamb & Barnosky, LLP, Melville, NY.

1

Appeal from the judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Jesyca Greene appeals from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*), dismissing Greene's claims under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against Defendant-Appellee the Enlarged City School District of Middletown, New York ("Middletown"), alleging that she was terminated from her position on the basis of her disability. We review *de novo* the district court's grant of Middletown's motion for summary judgment, viewing the record in the light most favorable to the non-moving party. *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Greene contends that a comment by the Superintendent of Middletown that she is "one of those poor woe [i]s me types" and a glance toward her amputated arm are probative of discriminatory animus against her on the basis of her disability. Even assuming, *arguendo*, that Greene successfully established a prima facie case of discrimination, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149-50 (2d Cir. 2010) (outlining factors to determine whether a stray remark is probative of discriminatory animus), Middletown presented a list of 13 performance-based, non-discriminatory reasons for terminating Greene, thus meeting its burden. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981) ("[I]f the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection." (internal quotations marks omitted)). The presumption of discrimination raised by Greene's prima facie case was rebutted and "drop[ped] from the case." *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 207 (1993) (internal quotation marks omitted).

Greene has not put forth evidence to rebut Middletown's non-discriminatory reasons for her termination. Greene does not contend that any of the supervisors who wrote the negative performance evaluations and filed the complaints on which her termination was allegedly based were themselves motivated by discriminatory animus. Nor does she point to other evidence that shows that the reasons for her termination were pretextual. *See Burdine*, 450 U.S. at 253 ("[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."). She only alleges that the Superintendent decided to recommend her

2

termination without having considered the negative evaluations. But she did not submit any evidence to refute that she had previously met with the Superintendent and that they discussed several issues, including her performance evaluations, the same which were subsequently cited in the letter explaining her termination. There is no genuine issue of material fact as to whether the Superintendent was apprised of the content of the evaluations. Thus, Greene's evidence is not enough to permit a jury to find that the real reason she was fired was because of her disability. *See Slattery v. Swiss Reins. Am. Corp.*, 248 F.3d 87, 94 (2d Cir. 2001) ("We have repeatedly held that, in the end this burden [as to pretext] rests on the plaintiff . . . ."). The district court properly granted summary judgment in favor of Middletown.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3